TEN–PENNETT CO. v. JAMES.　(No. 6278.)

(Court of Civil Appeals of Texas. Austin. Jan. 26, 1921.)

1. Sales ⊜94 — Where mortgagor abandoned property and mortgagee sold to another, mortgage held not admissible in replevin suit.

Where plaintiff sold property to M., taking a chattel mortgage which was recorded in the county of his residence, but M. removed the property from the county and abandoned it, and plaintiff accepted the abandonment and resold the property to D. by a contract of conditional sale reserving title, and D. sold to defendant, against whom plaintiff brought suit to recover the property, the chattel mortgage executed by M. was properly excluded.

2. Evidence ⊜318(2)—Letter from third person, stating defendant had agreed to pay balance due plaintiff, held hearsay.

Where plaintiff sold property to D., reserving title, and D. sold to defendant, a letter from D.'s wife to plaintiff, stating that defendant had agreed to pay plaintiff the balance due it,

---

was hearsay, and inadmissible in plaintiff's suit for possession.

**3. Sales ⊜473(1)—When purchaser of property sold conditionally paid valuable consideration, adequacy not open to inquiry.**

Where plaintiff's contract, reserving title to property, was not recorded in the proper county, and in a suit against a subsequent purchaser the undisputed evidence showed payment by him of a valuable consideration, the adequacy of the consideration was not a proper subject of inquiry.

**4. Sales ⊜473(1) — Price paid for property conditionally sold held not so inadequate as to raise suspicion of bona fides.**

Where, in an action to recover property to which plaintiff had reserved title from a subsequent purchaser, the uncontradicted testimony showed that he paid $100 in cash and an automobile estimated to be worth $250, and the jury found the value of the property was $375, the amount paid was not so grossly inadequate as to raise a suspicion that defendant was not an innocent purchaser for value.

Appeal from District Court, Falls County; Prentice Oltorf, Judge.

Action by the Ten-Pennett Company against J. A. James. From a judgment for defendant, plaintiff appeals. Affirmed.

W. E. Rogers, of Marlin, for appellant.

JENKINS, J. Appellant is a foreign corporation, domiciled in the city of Indianapolis, its business being the manufacturing of tenpin alleys. It sold f. o. b., at Indianapolis, five tenpin alleys, to Oscar Morton, of San Angelo, Tex. The alleys were operated by Morton in San Angelo for some time, but he, being unable to meet the payments on the same, shipped them to Brownwood, Tex. He turned them over to one Jackson, who operated them for a while, and then abandoned them. Thereupon appellant sold the alleys to one Donovan, who moved three of them to Marlin, Tex. Donovan paid $200 cash, and executed notes for the remainder of the purchase money; he also executed a chattel mortgage on the alleys, or rather the contract showed a conditional sale, with title reserved in the vendor, but possession delivered to the vendee, which under our statute is a chattel mortgage. The date of this chattel mortgage was May 29, 1918. It was mailed from Brownwood, Tex., by the bank there, which was handling the transaction, to appellant at Indianapolis, and was accepted by them and returned to Brownwood, and filed for record with the county clerk June 21, 1918.

It is not made to appear from the evidence that Donovan lived at Brownwood at the time he executed the mortgage, nor at any other time; nor is it made to appear that the alleys were in Brown county at the time the mortgage was recorded. This mortgage was never recorded in Falls county. After the removal of the alleys to Falls county, Donovan sold, first, a four-tenths interest in the alleys to appellee, and later the remaining interest, for which appellee paid a valuable consideration. He had no notice at the time that he purchased the alleys that Donovan was not the owner of the same, or that he had executed a mortgage on the alleys.

On March 10, 1919, appellant brought suit against appellee to recover three of these alleys, which were in possession of appellee, alleging that it was the owner of the same. On the same day appellant sued out a writ of sequestration, which was levied upon the alleys. Appellee declined to replevy, expressly waived the 10 days given him by law in which so to do, and thereupon the appellant replevied the alleys and shipped them out of Falls county.

Appellee, in addition to defending against the suit of appellant, filed a cross-action, alleging that he was the owner of the alleys, and had purchased the same without any notice of the claim of appellant; that they had been converted by appellant to his damage in the sum of $1,050, which he alleged was the value of the three alleys. The United States Fidelity & Guaranty Company, the bondsman upon the writ of sequestration, was made party defendant on the cross-action.

The case was submitted to a jury upon the following special issues:

"First. Was the property in controversy situated in Brown county, Tex., at the time of the execution of the contract between the plaintiff and B. G. Donovan? Answer: Yes.

"Second. At the time of the execution of the contract referred to in the preceding issue, had B. G. Donovan moved his place of residence to Falls county? Answer: Yes.

"Third. What was the reasonable market value of the property in controversy in Marlin, Tex., on or about March 10, 1919? Answer: $375.00.

"Fourth. At the time the defendant J. A. James purchased the property in controversy from B. G. Donovan, did the said James have knowledge of any such fact or circumstance as would be calculated to arouse inquiry upon the part of a reasonably prudent person, which, if followed up, would have lead the said James to a knowledge of the existence of the lien in favor of plaintiff? Answer: No."

The court rendered judgment against appellant for the sum of $375, with the privilege of discharging the judgment by returning the property, as provided by statute. The evidence is sufficient to sustain the findings of the jury.

### Opinion.

[1] The appellant sought to introduce the chattel mortgage on the property in question, executed by Oscar Morton August 30, 1917, and recorded in the office of the county clerk of Tom Green county. The alleys had at that

time been sold to Morton, who lived in Tom Green county, but subsequently the property was removed from San Angelo to Brownwood. Morton abandoned the same, and appellant accepted said abandonment and resold the property to Donovan. Such being the case, the court did not err in sustaining the objection to the introduction of the chattel mortgage executed by Morton and recorded in Tom Green county.

[2] Appellant sought to introduce a letter from Mrs. Donovan, the wife of B. G. Donovan, to appellant, in which she stated that her husband had turned the alleys over to James, and that James had agreed to pay the plaintiff the balance due by her husband. This testimony was hearsay, and the court did not err in refusing to allow the same to be given to the jury.

[3, 4] The court did not err in refusing to submit to the jury the question: "What was the value of the property and money given by said James in exchange for said mortgaged property?" This evidence was offered as tending to show that James was not an innocent purchaser. The testimony of James, which was not contradicted, was that he paid $100 in cash and an automobile, estimated to be worth $250. He was corroborated as to the automobile. The undisputed evidence, independent of the testimony of James, showing that he paid a valuable consideration for the property, the adequacy of such consideration was not a proper subject of inquiry. If the alleys were worth the amount found by the jury, namely $375, it cannot be said that the amount paid by James for them was so grossly inadequate as to raise his suspicion that he was not an innocent purchaser for value.

Finding no error of record, the judgment of the trial court is affirmed.

Affirmed.